IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST John FIGLESTHALER, Attorney at Law.

Supreme Court

*No. 91-3038-D. Filed October 14, 1992.*

(Also reported in 489 N.W.2d 922.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended and condition imposed on practice following reinstatement.*

We review the recommendation of the referee that the license of John Figlesthaler to practice law in Wisconsin be suspended for six months as discipline for

professional misconduct. The referee further recommended that, upon reinstatement of his license, Attorney Figlesthaler be supervised in the practice of law for a period of one year by an attorney designated by the Board of Attorneys Professional Responsibility (Board).

Attorney Figlesthaler's misconduct consisted of the following: failing to act with reasonable diligence and promptness in representing clients, failing to keep clients reasonably informed about the matters he was retained to pursue and failing to comply with their reasonable requests for information, failing to promptly deliver client funds held in trust, failing to deliver papers to a client entitled to them upon termination of his representation and repeatedly failing to cooperate with the Board in its investigation of client grievances.

We determine that the discipline recommended by the referee is the appropriate sanction for that misconduct. Attorney Figlesthaler repeatedly neglected to perform the work for which he was retained and ignored his clients' attempts to obtain information concerning his work on their behalf. That neglect led to his unjustifiably retaining client funds and files after the clients had requested their return. Additionally, Attorney Figlesthaler repeatedly ignored requests from the Board for a response to numerous client grievances concerning his representation in their legal matters.

Attorney Figlesthaler was admitted to practice law in Wisconsin in 1982 and practices in the Milwaukee area. He has not previously been the subject of an attorney disciplinary proceeding. Following a disciplinary hearing, the referee, Attorney Charles Herro, made the following findings of fact.

In August, 1987, a couple retained Attorney Figlesthaler to probate their son's estate and to act in it as personal representative. After opening the estate, Attor-

ney Figlesthaler did nothing other than arrange for the transfer of a deed to real estate and call the decedent's wife to discuss payment of taxes in the estate. The probate court issued an order to show cause in April, 1989 regarding Attorney Figlesthaler's failure to close the estate and granted him an extension of time to close it.

After receiving additional extensions, Attorney Figlesthaler wrote to his clients in August, 1990 stating that everything had been completed in the administration of the estate. Nevertheless, the clients heard nothing further from Attorney Figlesthaler and on July 3, 1991, the court ordered Attorney Figlesthaler's removal as personal representative for failing to have filed the closing statement in the estate. In a subsequent order to show cause, Attorney Figlesthaler was ordered to appear and show cause why he had not surrendered the file and released information and assets in the estate. Attorney Figlesthaler did not appear at the hearing on that order and the court issued a body attachment.

This estate remained open for four years, including one year after Attorney Figlesthaler had told his clients that the administration had been completed. During the time Attorney Figlesthaler was responsible for the estate, the clients attempted to contact him on more than 20 occasions but Attorney Figlesthaler failed to return most of their telephone calls, contacting the clients only four times during that period.

After the clients filed a grievance with the Board, the Board sent a copy of it to Attorney Figlesthaler and requested a response within 20 days. When no response was received, the Board sent two additional requests for response. Attorney Figlesthaler did not respond.

The referee concluded as follows: Attorney Figlesthaler failed to act with reasonable diligence and promptness in representing the clients and the estate in

this matter, in violation of SCR 20:1.3;[1] his failure to keep clients reasonably informed about the progress of the estate and failure to comply with their reasonable requests for information violated SCR 20:1.4(a);[2] his failure to cooperate in the Board's investigation of the clients' grievance violated SCR 21.03(4)[3] and 22.07(2) and (3).[4]

[1]SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2]SCR 20:1.4 provides:

**Communication**
(a)  A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3]SCR 21.03 provides:

**General principles**
. . .
(4)  Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board of administrator.

[4]SCR 22.07 provides:

**Investigation.**
. . .
(2)  During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.
(3)  The administrator or committee may compel the respon-

In another matter, a woman retained Attorney Figlesthaler in 1988 to represent her in matters regarding her father's estate. Ultimately, the client filed a grievance with the Board concerning his conduct of the matter. Attorney Figlesthaler failed to respond to two requests from the Board for a response to the grievance. After he did respond to the Board, the Board requested further information concerning the matter. Attorney Figlesthaler did not respond to four letters from the Board and the Professional Responsibility Committee inquiring into the matter. The referee concluded that Attorney Figlesthaler thereby failed to cooperate in the Board's investigation, in violation of SCR 21.03(4) and 22.07(2).

Another woman retained Attorney Figlesthaler in May, 1988 to represent her in a divorce action and deposited a $2,300 settlement check into his trust account. After terminating his representation in the matter, the client asked Attorney Figlesthaler to send the money in his trust account to her new attorney. Despite the client's request and three written requests from the new attorney, Attorney Figlesthaler did not send the money he held in his trust account until almost one year after the divorce action had been dismissed. The client filed a grievance with the Board and Attorney Figlesthaler failed to respond to three requests from the Board for information concerning it. The referee concluded that Attorney Figlesthaler's failure to promptly deliver client funds held in trust violated SCR

dent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

20:1.15(b)[5] and that his failure to cooperate in the Board's investigation of the client's grievance violated SCR 21.03(4) and 22.07(2).

In December, 1988, a man retained Attorney Figlesthaler to represent him in a landlord-tenant matter. The client ultimately filed a grievance with the Board concerning Attorney Figlesthaler's conduct in the matter. Attorney Figlesthaler failed to respond to three letters from the Board asking for his response to the client's grievance. The referee concluded that Attorney Figlesthaler thereby violated SCR 21.03(4) and 22.07(2).

In July, 1989, a woman retained Attorney Figlesthaler to represent her in an action for modification of maintenance. After experiencing difficulty with Attorney Figlesthaler in his representation, the client obtained new counsel and asked Attorney Figlesthaler to give her the file in the matter. The new attorney also requested the client's file. Initially, Attorney Figlesthaler released only a part of the file; the entire file was not released until one year after the new attorney had requested it. After this client filed a grievance with the Board concerning his conduct in the matter, Attorney Figlesthaler failed to respond to two letters from the Board requesting his response. The referee concluded that Attorney Figlesthaler's failure to surrender papers

---

[5]SCR 20:1.15 provides:

**Safekeeping property**

. . .

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

to which the client was entitled upon termination of his representation violated SCR 20:1.16(d)[6] and that his failure to cooperate with the Board in its investigation of the client's grievance violated SCR 21.03(4) and 22.07(2).

In July, 1989, a woman retained Attorney Figlesthaler to represent her in a child support matter. Thereafter, the client filed a grievance with the Board concerning Attorney Figlesthaler's representation in the matter. Attorney Figlesthaler failed to respond to two letters of inquiry from the Board seeking a response to the client's grievance. Attorney Figlesthaler also failed to respond to three letters from the Board requesting his response to a client's grievance concerning his representation in another matter. The referee concluded that Attorney Figlesthaler violated SCR 21.03(4) and 22.07(2).

In July, 1989, a woman retained Attorney Figlesthaler to represent her in a matter concerning modification of child support. The client informed Attorney Figlesthaler orally and in writing that she wanted him to pursue the issue of payment of her child's medical expenses. Notwithstanding those instructions, Attorney Figlesthaler did not address that issue when he brought the matter before the court and he never explained to the client why he did not do so. In addition, Attorney Figles-

[6]SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

thaler did not return numerous telephone calls from the client. The referee concluded that Attorney Figlesthaler failed to keep this client reasonably informed about the status of her matter and failed to promptly comply with her reasonable requests for information concerning it, in violation of SCR 20:1.4(a). After this client and another filed grievances with the Board concerning his representation in the matter, Attorney Figlesthaler did not respond to Board requests for information concerning the grievances. The referee concluded that Attorney Figlesthaler thereby violated SCR 21.03(4) and 22.07(2).

As discipline for his misconduct, the referee recommended that the court suspend Attorney Figlesthaler's license to practice law for six months and, upon reinstatement of his license, condition his continued practice of law on supervision of his practice of law for one year by an attorney designated by the Board. The referee also recommended that Attorney Figlesthaler be required to pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law and accept his recommendation for discipline. Attorney Figlesthaler has demonstrated a propensity to ignore his professional responsibilities not only to his clients but also to the court in its regulation of attorney professional conduct. The numerous acts of misconduct warrant severe discipline. Further, in order to protect future clients from similar misconduct, we accept the referee's recommendation to condition Attorney Figlesthaler's continued practice following the license suspension on his being supervised by a practicing attorney for a limited period.

IT IS ORDERED that the license of John Figlesthaler to practice law in Wisconsin is suspended for a period of six months, commencing November 16, 1992.

IT IS FURTHER ORDERED that, in the event his license to practice law is reinstated, John Figlesthaler be supervised in the practice of law for a period of one year following reinstatement by a practicing attorney designated by the Board of Attorneys Professional Responsibility.

IT IS FURTHER ORDERED that within 60 days of the date of this order John Figlesthaler pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of John Figlesthaler to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that John Figlesthaler comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.