IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST John FIGLESTHALER, Attorney at Law.

Supreme Court

*No. 93–0405–D. Filed June 24, 1993.*

(Also reported in 501 N.W.2d 450.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the court suspend the license of John Figlesthaler to practice law in Wisconsin for 60 days, retroactive to

November 16, 1992, the date on which the court imposed a six-month license suspension as discipline for misconduct in a prior disciplinary proceeding. The misconduct considered in this proceeding consisted of Attorney Figlesthaler's failure to complete the probate of an estate for more than four and one-half years, his failure to make court appearances in the probate of that estate occasioned by his failure to make court appearances in the probate of that estate occasioned by his failure to meet statutory and court-imposed deadlines for action and his failure to cooperate with the Board of Attorneys Professional Responsibility (Board) during its investigation of his conduct in the matter.

The recommended retroactive 60-day license suspension is appropriate discipline to impose for Attorney Figlesthaler's misconduct considered here. The misconduct occurred during the same period of time as the misconduct considered in the prior proceeding and was similar in nature to it. Moreover, the seriousness of the misconduct here, had it been considered as part of the prior proceeding, would not have increased the discipline previously imposed.

Attorney Figlesthaler was admitted to practice law in Wisconsin in 1982 and practices in Milwaukee. On October 14, 1992 the court suspended his license for six months, commencing November 16, 1992, as discipline for professional misconduct consisting of failing to act with reasonable diligence and promptness in representing clients, failing to keep clients reasonably informed about the matters he was retained to pursue and failing to comply with their reasonable requests for information, failing to promptly deliver client funds held in trust, failing to deliver papers to a client entitled to them upon termination of his representation and repeatedly failing to cooperate with the Board in

481

its investigation of client grievances. *Disciplinary Proceedings Against Figlesthaler*, 171 Wis. 2d 56. In addition to the license suspension, the court ordered that, in the event his license to practice law is reinstated, Attorney Figlesthaler be supervised in the practice of law by a practicing attorney designated by the Board for a period of one year following reinstatement.

Attorney Figlesthaler entered a no contest plea to the Board's complaint and the referee, Attorney Jean DiMotto, made findings of fact accordingly. In November, 1986, Attorney Figlesthaler was retained to probate an estate. He opened that estate in May, 1987 and it remained open in February, 1992, when the probate court removed him as attorney for the estate. During the course of his representation of the estate, Attorney Figlesthaler did not file an inventory within the statutory time period but did so 10 weeks after the probate court ordered him to do so. The estate's only assets were two bank accounts, a credit union account and an automobile; the total value of the estate was $38,000.

Attorney Figlesthaler did not close the estate within the statutory time period and the probate court issued five orders to show cause in response to that failure. On three occasions, Attorney Figlesthaler did not appear at the hearings scheduled on the orders. At one point, Attorney Figlesthaler told the court that tax returns had been filed for the estate but the court later learned that those returns had not been filed.

As a result of his neglect of this estate, the personal representative retained successor counsel to close the estate, thereby incurring additional attorney fees of $370, as well as approximately $200 in tax penalties. Pursuant to the probate court's order, Attorney

Figlesthaler reimbursed the personal representative for the tax penalties and the successor counsel fee.

When the Board sought to investigate his conduct in this matter, Attorney Figlesthaler did not respond to three of its letters seeking information. The Board extended the time for his response but he did not respond to a fourth inquiry. Although he did appear at the Board's office in response to the Board's notice to do so, he did not respond to a subsequent letter of inquiry from the Board.

The referee concluded that Attorney Figlesthaler failed to act with reasonable diligence and promptness in the probate of the estate, in violation of SCR 20:1.3,[1] and failed to cooperate with the Board in its investigation into his misconduct, in violation of SCR 21.03(4)[2] and 22.07(2).[3]

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 21.03 provides:

**General principles.**
. . .
(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[3] SCR 22.07 provides:

**Investigation.**
. . .
(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide

As discipline for that misconduct, the referee recommended, as the parties had stipulated, that the court impose a 60-day license suspension, retroactive to the commencement of the six-month license suspension imposed in the prior proceeding. We note that the six-month period of that suspension has since expired and Attorney Figlesthaler has filed a petition for reinstatement of his license to practice law. We adopt the referee's findings of fact and conclusions of law and accept the recommendation for discipline.

IT IS ORDERED that the license of John Figlesthaler to practice law in Wisconsin is suspended for a period of 60 days, that suspension deemed to have commenced November 16, 1992.

IT IS FURTHER ORDERED that within 60 days of the date of this order John Figlesthaler pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of John Figlesthaler to practice law in Wisconsin shall be suspended until further order of the court.

---

information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.